**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 14 CR 562-4 |
| v. ) | |
| ) | |
| ) | |
| MONTRAIL KEY ) | |

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Defendant Montrail Key has moved for a judgment of acquittal or, in the alternative, for a new trial. For the reasons explained below, the Court denies Defendant's motion.

## **BACKGROUND**

On January 8, 2015, a grand jury returned an indictment charging Defendant Montrail Key and co-defendants Abelardo Dominguez and Francisco Narvaez, Jr. Defendant Key is charged only in Count Three. Specifically, Count Three charges Defendant Key with forcibly assaulting two Special Agents of the Drug Enforcement Administration ("DEA") who were performing their official duties, with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a) and 111(b). Defendant pled not guilty to the charge, waived his right to a jury trial, and proceeded to a bench trial. Co-defendant Narvaez proceeded with a jury trial at the same time[1].

The Court found Defendant guilty on Count Three. Defendant now moves for a judgment of acquittal or new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33.

---
[1] Co-defendant Dominguez pled guilty.

# LEGAL STANDARD

I. **Motion for Judgment of Acquittal – Rule 29**

Rule 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When, as here, a defendant makes a Rule 29(a) motion at the close of the government's case, and the court reserves decision, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

The Seventh Circuit reviews "a claim that a district court's verdict after a bench trial is unsupported by the evidence with the same deferential standard that applies to a jury verdict" and will "reverse only if, after viewing the evidence in the light most favorable to the government, it "determine[s] that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). "In challenging the sufficiency of the evidence, [a defendant] bears a heavy, indeed, nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010); *see also United States v. Jones*, 713 F.3d 336, 339-40 (7th Cir. 2013); *United States v. Berg*, 640 F.3d 239, 246 (7th Cir. 2011); *United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010); *United States v. Morris*, 576 F.3d 661, 665-66 (7th Cir. 2009). Indeed, a "defendant faces an uphill battle in challenging the sufficiency of the evidence." *United States v. Orlando*, 819 F.3d 1016, 1021 (7th Cir. 2016). The reviewing court will view the "evidence in the light most favorable to the prosecution," and the defendant "'must convince' the court that, even in that light, 'no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Warren*, 593 F.3d at 546 (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United*

*States v. Rahman*, 805 F.3d 822, 836 (7th Cir. 2015). In other words, a court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)); *see also Warren*, 593 F.3d at 546. It follows that under Rule 29, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009); *see also United States v. Severson*, 569 F.3d 683, 688 (7th Cir. 2009).

## II. Motion for a New Trial – Rule 33

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see also United States v. Berg*, 714 F.3d 490, 500 (7th Cir. 2013); *United States v. Smith*, 674 F.3d 722, 728 (7th Cir. 2012) (reviewing a district court's order on a Rule 33 motion for abuse of discretion); *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005). "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'" *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *overruled on other grounds*, 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005).

"'A … verdict in a criminal case is not to be overturned lightly,'" however, "'and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). The court "may grant a new trial if the jury's verdict is 'so contrary to the weight of the evidence that a new trial is required in the

3

interest of justice.'" *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."); *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). In other words, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706.

## ANALYSIS

### I. The Evidence Was Sufficient to Convict Defendant Key

The government proved Defendant Key guilty of Count Three beyond a reasonable doubt. In order to convict Defendant Narvaez of forcibly assaulting a federal agent with a deadly or dangerous weapon as charged in Count Three, the government had to prove that Defendant: 1) through force or violence 2) assaulted, resisted, opposed, impeded, intimidated, or interfered with 3) a federal officer who was engaged in the performance of his duties, 4) with the intent to assault, resist, oppose, intimidate or interfere with the officer or employee, 5) used a deadly and dangerous weapon in the commission of such acts, and 6) intended to use the weapon. 18 U.S.C. §§ 111(a) & 111(b). *See United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). *See also United States v. Siler*, 734 F.3d 1290, 1295-97 (11th Cir. 2013). Subsection (b) of Section 111 provides for an enhanced penalty if the defendant "uses a deadly or dangerous weapon" or "inflicts bodily injury". 18 U.S.C. § 111(b).

Viewing the evidence in the light most favorable to the government, the DEA was investigating drug trafficking with the assistance of an undercover agent ("UC"). The UC had had discussions with co-defendant Dominguez regarding the purchase of approximately 10 pounds of methamphetamine. After several recorded calls, they arranged for the deal to take place at a restaurant parking lot in Oak Lawn. Co-defendant Narvaez drove Dominguez to the restaurant, and Defendant Key followed them into the parking lot in a black Chevy Malibu. While in the parking lot of the restaurant, the purported drug transaction took place and the "drugs" were placed in a truck driven by co-defendant Narvaez in exchange for cash. Narvaez then drove the truck out of the parking lot and Defendant Key followed him out of the parking lot in his black Chevy Malibu.

DEA agents then executed a traffic stop on both vehicles about one block from the restaurant. They surrounded the truck and the Malibu on three sides. Then, approximately seven agents who were wearing bullet proof vests identified themselves as law enforcement, exited their vehicles, and commanded Key and Narvaez to exit their vehicles. DEA Special Agents McClarence and O'Reilly were both at the scene, and engaged in the performance of their official DEA. Neither Key nor Narvaez exited his vehicle. Instead, Defendant Key jumped the curb with the Malibu, drove around the truck and headed toward Agent McClarence. Defendant Key pinned Agent McClarence to a pole with his vehicle, and then swerved and headed directly toward Agent O'Reilly with his vehicle. Both Defendant Key and Narvaez escaped the scene and led the officers on a high speed chase. Local law enforcement ultimately pulled Key over and arrested him.

The government established these facts through the testimony of Agents McClarence and O'Reilly, as well as through the independent eyewitness testimony of Terrance Link. Both

5

Agent O'Reilly and Agent McClarence testified that Defendant Key was in his vehicle, drove it up on the curve, and then first aimed it toward Agent McClarence. He drove toward Agent McClarence and pinned him against a pole. As Agent O'Reilly testified, Defendant then turned his vehicle to cut back toward Agent O'Reilly and drove directly toward him attempting to hit him. Terrence Link, an objective third party who observed the events, testified that he saw Defendant in his black Malibu drive directly toward Agent McClarence first, and then turned his vehicle and drove directly at Agent O'Reilly. The vehicle as used by Defendant was a dangerous weapon. *See United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002) ("for a car to qualify as a deadly weapon, the defendant must use it as a deadly weapon and not simply as a mode of transportation").

Defendant argues that the government "failed to prove by corroborated evidence that Montrial Key acted with the intent of [sic] bodily harm upon the Agents at any time." The Seventh Circuit in *United States v. Woody,* 55 F.3d 1257 (7th Cir. 1995), held that Section 111 is a general intent, not specific intent, crime. In order to establish a violation of Section 111, the government has to prove that the defendant "intended to commit a forcible assault." *Id.* at 1265–66. *See also United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998). The government can prove general intent by establishing that Defendant acted with knowledge of his conduct. *See United States v. Graham*, 431 F.3d 585, 590 (7th Cir. 2005); *Woody,* 55 F.3d at 1265-66. As discussed above, viewing the evidence in the light most favorable to the government, it met its burden regarding the intent element.

Defendant's arguments that the government failed to meet its burden because it did not offer forensic evidence, did not offer videotaped evidence, and had agents testify who did not author reports are unavailing. The law does not require the government to introduce any specific

type of evidence at trial. Defendant made these weight arguments during the course of the trial, but the Court was not persuaded by them. Based on the evidence presented at trial, the government met its burden.

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Defendant Key guilty beyond a reasonable doubt. Accordingly, the Court denies his motion for judgment of acquittal.

## II. Defendant Has Waived his Undeveloped Arguments

Defendant has raised several undeveloped arguments in perfunctory, one-sentence assertions. Because he has not developed any of these arguments, he has waived them. *See United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir. 2011) (finding the argument was "decidedly underdeveloped and therefore waived"); *United States v. Foster,* 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived [.]") (internal quotation marks and citation omitted). *See also Willis v. Lepine,* 687 F.3d 826, 836 (7th Cir. 2012) ("Merely reciting the Rule 59(a) standard and then tossing the motion into the court's lap is not enough. Failure to adequately present an issue to the district court waives the issue on appeal."); *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived ..."). Specifically, Defendant has waived the following:

- "That the trial court erred in overruling defendant's objections to trial evidence while sustaining government evidentiary objections." (R. 165 at ¶ 3.)

- "The defendant did not receive a fair trial as guaranteed by the Constitution of the United States including but not limited to the Fifth Amendment, and to Equal Protection of the Law as included therein." (R. 165 at ¶ 7.)

## CONCLUSION

For the reasons discussed in detail above, the Court denies Defendant's motion for a judgment of acquittal or, in the alternative, for a new trial.

**Dated:** July 12, 2016                                                    **ENTERED**

                                                                            *[signature]*
                                                                       **AMY J. ST. EVE**
                                                                       **United States District Court Judge**